# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY LOVE, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-263-M |
| | ) |
| OKLAHOMA CITY PUBLIC SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss and Brief in Support, filed March 25, 2016. On April 25, 2016, plaintiff responded, and on May 2, 2016, defendant filed its reply. Based on the parties' submissions, the Court makes its determination.

I.   Introduction[1]

On or about May 8, 2015, plaintiff alleges that her minor child, S. T., a student at Spencer Elementary School, was assaulted by her art teacher, Rubie Schroeder ("Schroeder"). Specifically, plaintiff alleges that Schroeder, during art class, slapped S. T. in her face in the presence of other students causing S. T. physical injury and embarrassment. Plaintiff further alleges that defendant was aware that S. T. had previously been diagnosed with Reactive Attachment Disorder as well as Attention Deficit Hyperactivity Disorder. Plaintiff alleges that no action was taken to investigate or discipline Schroeder, who is still employed by defendant, and that no measures were taken to prevent Schroeder from verbally or physically harming S. T. or other students.

---

[1] The alleged facts set forth are taken from plaintiff's Petition. For purposes of this Order, the Court will refer to plaintiff's Petition as Complaint.

On February 19, 2016, plaintiff filed this action in the District Court of Oklahoma County, State of Oklahoma, alleging claims of negligence (Count I) and a 42 U.S.C. § 1983 violation (Count II) against defendant. On March 18, 2016, defendant removed this action to this Court and now moves this Court to dismiss plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

II.     Standard of Dismissal[2]

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will

---

[2] In her response, plaintiff contends that the standard of dismissal upon removal to this Court should be based on Oklahoma pleading standards. However, the Court finds that it is well settled law that upon removal to federal court, the Federal Rules of Civil Procedure apply. *See* Federal Rule of Civil Procedure 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438 (1974) and *generally Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

A. Negligence – Governmental Tort Claims Act ("GTCA")

In her Complaint, plaintiff alleges that defendant was negligent: (1) in failing to provide a safe environment for S. T. and in failing to protect her from foreseeable harm; (2) in rendering appropriate care and treatment to S. T. following the incident; (3) in supervising and retaining teachers capable of fulfilling the school's duty of protecting S. T. from harm; and (4) in failing to adequately perform those duties or actions necessary to enforce or carry out the school's policies or customs regarding protecting S. T. from harassment and physical harm. *See* Compl. ¶¶ 9-12. Defendant contends that as to plaintiff's claim that it was negligent (1) in failing to provide a safe environment for S. T. and protecting her from harm; (2) in its employment practices regarding Schroeder; and (3) in failing to enforce or carry out the school's policies or customs regarding protecting students from harassment and physical harm, the GTCA exempts defendant from liability. Further, defendant contends that as to plaintiff's claim that it was negligent in rendering appropriate care and treatment of S. T., plaintiff has failed to set forth sufficient facts establishing a plausible claim.

3

It is well established that "[t]he GTCA is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort." *Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009). Under the GTCA, a governmental entity is liable for "torts for which a private person would be liable, unless the torts are committed outside the course and scope of employment or unless they are committed in bad faith or in a malicious manner." *Id.* Scope of employment is defined as an act where the employee performed the act in good faith within the duties of his office or employment. *See id.* More specifically, an employee is said to be acting within the scope of employment if the employee is doing that which is customary within the particular trade, engaging in work assigned, or doing that which is proper, necessary and usual to accomplish the work assigned. *See id.*

The GTCA exempts a governmental entity from liability if a claim results from: "[a]doption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy[;] [or] [p]erformance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees [.]" Okla. Stat. tit. 51, § 155(4) & (5). The discretion afforded to the governmental entity as to the performance or failure to perform any act or service within this exemption is extremely limited. *See Nguyen v. State*, 788 P.2d 962, 964 (Okla. 1990) (citation omitted). In *Nguyen*, the Oklahoma Supreme Court, relying on the Federal Tort Claims Act ("FTCA") and other similar state acts, endorsed the planning-operational approach. *See Nguyen*, 788 P.2d at 964-65. Under the planning-operational approach, initial policy level or planning decisions are considered to be discretionary acts that are immune from liability, while operational level decisions made during the performance of the policy are ministerial acts that are not exempt from liability. *See id.*

Defendant specifically contends that its decisions regarding student safety and hiring, firing, supervision, and retention of its teachers are all discretionary decisions, which fall under the discretionary function exemption of § 155(5) of the GTCA., and, that, defendant is exempted from liability, pursuant to § 155(4) of the GTCA, as to plaintiff's negligence claim that defendant failed to enforce or carry out the school's policies or customs regarding protecting students from harassment and physical harm. Plaintiff asserts that her allegations of negligence against defendant are the type of operational decisions, discussed in *Nguyen*, that would subject defendant to liability under the GTCA.

Having carefully reviewed plaintiff's Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds defendant is exempted from liability, pursuant to the GTCA, regarding plaintiff's claims that defendant was negligent: (1) in failing to provide a safe environment for S. T. and protecting her from harm; (2) in its employment practices regarding Schroeder; and (3) in failing to enforce or carry out the school's policies or customs regarding protecting students from harassment and physical harm. Further, as to plaintiff's claim that defendant was negligent in rendering appropriate care and treatment to S. T. following the incident, the Court finds that plaintiff has failed to set forth sufficient factual allegations to plead a plausible negligence claim.[3]

Specifically, the Court finds that, pursuant to the Oklahoma Supreme Court decision in *Truitt v. Diggs*, 611 P.2d 633, 635, (Okla. 1980), where the court determined that a school district has a great deal of discretion in determining security measures needed, § 155(5) of the GTCA exempts defendant, in this matter, from liability with respect to plaintiff's claim that

---

[3] Plaintiff provides no additional facts in her Complaint that would allow the Court to draw a reasonable inference that defendant was negligent in rendering appropriate care and treatment to S. T. following the incident.

defendant was negligent in failing to provide a safe environment for S. T. and in falling to protect her from foreseeable harm. Additionally, the Court finds § 155(4) of the GTCA exempts defendant from liability regarding plaintiff's claim that defendant was negligent in failing to adequately perform those duties or actions necessary to enforce or carry out the schools policies or customs regarding protecting the students from harassment and physical harm. Further, this Court, in *Young v. Okla. City Pub. Sch., Indep. Sch. Dist. 89,* No. CIV-13-633-M, 2013 WL 6567144, slip op. at *3 (W.D. Okla. Dec. 13, 2013), has already determined that a school district's decision regarding hiring, retention, and supervision of its employees is a discretionary act, pursuant to § 155(5) of the GTCA. Therefore, the Court finds plaintiff's negligence claim should be dismissed.

B. 42 U.S.C. § 1983 Claim

Plaintiff further alleges that defendant violated S. T.'s rights under 42 U.S.C. § 1983 in depriving S. T. of her right to a safe school environment and her right to an education free from harassment and physical harm. 42 U.S. C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A review of plaintiff's Complaint reveals that plaintiff has failed to allege the statute or law which secures S. T. the right to a safe school environment and right to an education free from harassment and physical harm. The Court finds that plaintiff has failed to adequately plead her 42 U.S. C. § 1983 claim, and, therefore, plaintiff's 42 U.S. C. § 1983 claim should be dismissed.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss and Brief in Support [docket no. 4] and DISMISSES this action.

**IT IS SO ORDERED this 21st day of June, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE